UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WENDELL WOOD,

    Petitioner,

v.                              CIVIL NO. 2:18cv73
                                     CRIMINAL NO. 2:93cr90-3

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM ORDER

This matter comes before the court on the Petitioner's pro se "Motion for Reduction in Sentence Under 18 U.S.C. §§ 3582(c)(2)/2255(3)" ("Motion"), filed on January 29, 2018. ECF No. 223.

I.

On November 15, 1993, a jury found the Petitioner guilty on Counts One, Seventeen, Nineteen, and Twenty-One of the Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base; Distribution of Cocaine; and Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1). Doc. No. 183.[1] On February 16, 1994, the court sentenced the Petitioner to a term of life imprisonment on Count One, two hundred and forty (240) months

---

[1] References to "Doc." in this Memorandum Order refer to entries made on the typewritten Criminal Paper Docket Sheet. ECF No. 82. Such entries were made before the court's electronic case filing system went into effect.

on Count Seventeen, and four hundred and eighty (480) months on Counts Nineteen and Twenty-One, all to run concurrently. Doc. No. 204.

On September 25, 2000, the Petitioner filed a motion under 28 U.S.C. § 2255, Doc. No. 424, which the court denied on May 18, 2001. Doc. No. 438. Subsequently, the Petitioner thrice filed a motion under 18 U.S.C. § 3582 to reduce his sentence, and each one was denied. See ECF Nos. 22-23, 27, 83, 92, 98, 99. On a fourth motion under 18 U.S.C. § 3582 ("§ 3582 Motion"), ECF No. 118, the court reduced the Petitioner's sentence on Count One, from a term of life imprisonment to four hundred and eighty (480) months, with the sentences on Counts Seventeen, Nineteen, and Twenty-One to remain unchanged. See Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (March 25, 2015) ("§ 3582 Order"), ECF Nos. 156-57.

II.

The instant Motion appears to seek three forms of relief.[2] First, the Petitioner seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot. at 2. Next, the Petitioner seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Id.

---

[2] The court construes this pro se pleading liberally. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791-92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

at 1-2. Lastly, the Petitioner requests the court to appoint him counsel. Id. at 12.

## A. Relief Pursuant to 28 U.S.C. § 2255

The Petitioner's Motion expressly requests relief pursuant to 28 U.S.C. § 2255(f)(1), id. at 2, and, therefore, the Clerk is **DIRECTED** to assign a new civil action number to the Petitioner's Motion. However, as stated above, the Petitioner previously filed a § 2255 motion, which the court denied.³ Thus, the instant Motion, to the extent that it seeks relief under § 2255, is a successive § 2255 motion. <u>Before this court may consider any successive § 2255 motion, the Petitioner must obtain an order from the Court of Appeals for the Fourth Circuit</u>. 28 U.S.C. § 2244(b)(3); see id. § 2255(h) (noting that a petitioner must comply with the provisions of 28 U.S.C. § 2244 when filing a second or successive habeas petition).

The Petitioner claims that the United States Supreme Court's recent ruling in <u>Nelson v. Colorado</u>, 137 S. Ct. 1249 (2017),

---

³ Along with the § 2255 motion discussed supra Part I, the Petitioner also attempted to file § 2255 motions three other times. On May 8, 1997, the court granted the Petitioner's Motion for Extension of Time to a file a § 2255 motion, but the Petitioner never followed through. Doc. Nos. 352, 359. On March 25, 2005, the Fourth Circuit denied the Petitioner's request to file a successive § 2255 motion. Doc. No. 448. Lastly, on July 21, 2014, the Petitioner filed a § 2255 motion subject to defect, ECF No. 111. However, it was stricken from the record after the Petitioner failed to cure the defect. See ECF Nos. 112, 114.

established a newly recognized constitutional right, providing him with an avenue for relief under § 2255(f)(3). Mot. at 2. Even if Nelson applies,[4] the Fourth Circuit is still required to certify a successive § 2255 motion containing a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Accordingly, the request for relief under 28 U.S.C. § 2255 is **DISMISSED** for lack of authorization from the Fourth Circuit. See id. § 2244(b)(3).

**B. Relief Pursuant to 18 U.S.C. § 3582(c)(2)**

The Petitioner also requests the court to further reduce his sentence to the low end of his Guidelines Range, i.e., three hundred and sixty (360) months. Mot. at 1. In support, the Petitioner points to the disparity in sentencing, providing examples of other defendants who received lesser sentences. Id. at 1-2, 9-12. The court has already considered and granted the Petitioner's fourth Motion for Reduction of Sentence under § 3582(c)(2), on March 25, 2015. See § 3582 Order. Therefore, this

---

[4] The Petitioner asserts that Nelson established the right that a "trial by jury guarantees an accused the right to have a jury determine, beyond a reasonable doubt, every element of offense charged." Mot. at 2. In fact, the Court in Nelson held that states cannot require defendants whose convictions have been reversed or vacated to prove their innocence by clear and convincing evidence in order to receive a refund of the costs, fees, and restitution paid pursuant to the invalid conviction. 137 S. Ct. at 1252.

4

current Motion is, in reality, a request for reconsideration of the § 3582 Order.

This court fully considered the Petitioner's fourth § 3582 Motion in 2015, and exercised its discretion to reduce his sentence on Count One from life imprisonment to four hundred and eighty (480) months. See § 3582 Order. The court finds no reason to reconsider the § 3582 Order, as no new matters of merit or substance have been raised in the current Motion that were not previously considered by the court. In previously reducing the Petitioner's sentence, the court fully considered the factors set forth in 18 U.S.C. § 3553(a), along with the Petitioner's medical records submitted to the court. See 18 U.S.C. § 3582(c)(2); § 3582 Order at 2. Further, the court likely lacks authority to reconsider its 2015 § 3582 Order, more than two years after it was filed. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Once a defendant is sentenced, the court should not reconsider his sentence "unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines Range, or another statute or Rule 35 expressly permits the court to do so." Id. (emphasis in original) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases." (quoting United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009))). None of these events has occurred since the

court's 2015 § 3582 Order. Accordingly, the Petitioner's request for reconsideration of the § 3582 Order is **DENIED**, as is any request for a further reduction of sentence under 18 U.S.C. § 3582(c)(2).

### C. Request for Counsel

Lastly, the Petitioner requests the court to appoint him counsel "specifically in interest of [his] 18 U.S.C. § 3582(c)(2) issue as to Disparity in sentence and racial overtures." Mot. at 12. There is no constitutional right to counsel in post-conviction proceedings beyond a defendant's first appeal. E.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Specifically, there is no automatic right to counsel in a § 3582 proceeding. See United States v. Legree, 205 F.3d 724, 729-30 (4th Cir. 2000) ("A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" (quoting United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999))).

The Petitioner has no matter pending before this court at this time, and he set forth no circumstances to warrant appointment of counsel, much less exceptional circumstances. See, e.g., Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the

S. Dist. Of Iowa, 490 U.S. 296 (1989). The Petitioner's request for counsel is **DENIED**.

### III.

For the reasons above, the Petitioner's request for relief under 28 U.S.C. § 2255 is **DISMISSED**; the request for reconsideration of the § 3582 Order and relief under § 3582 is **DENIED**; and the request for counsel is **DENIED**.

The Petitioner is **ADVISED** that he may appeal from the dismissal of his § 2255 Motion by sending, within sixty (60) days of the date of entry of this Memorandum Order, a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The court declines to issue a certificate of appealability for the reasons stated herein. The Petitioner is further **ADVISED** that he may appeal from the denial of his request for reconsideration of the § 3582 Order and relief under § 3582, and the denial of his request for counsel, by sending a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within fourteen (14) days of the date of the entry of this Memorandum Order.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to the Petitioner and to the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

                                  /s/
                               Rebecca Beach Smith
                               REBECCA BEACH SMITH
                                   CHIEF JUDGE

February 8, 2018